REQUESTED BY: Senator Peter Hoagland Nebraska State Legislature 1101 State Capitol Lincoln, NE 68509
Dear Senator Hoagland:
This letter is in response to your inquiry of May 12, 1983 regarding the amended version of LB 371.
The bill, as amended, appears to cure due process problems caused by the previously indefinite hearing time frame. Section Three of the amendment provides for an expeditious determination of the case, which is particularly important when children are involved.
The notice problems raised by Opinion 89 have been addressed by the subsequent amendment as well. The phrase `as such failure is certified to the court . . .' appears to solve previously voiced notice concerns. Adequate provisions seem to be made for the determination of nonpayment of child support and the transmittal of that information to the court, therefore, probable cause for the issuance of a warrant could be found under the provisions of the measure. This is particularly true in light of the hearing provisions of the bill.
Section Five of the amendment borrows its certification language from Neb.Rev.Stat. § 42-358 (Reissue 1978). Does this language imply that the two provisions, § 42-358 and42-358.02, are to be read together in determining remedies? Or will the two measures provide separate and independent remedies for contempt? These questions, raised by Opinion 89, remain unanswered by the amended version of the bill. Since the contempt proceedings in § 42-358 are to be filed and heard in accordance with rules applicable to other civil contempt proceedings, most, if not all procedural gaps would be filled by a concurrent reading.
As for the administrative workability of the measure, it would appear that since the mechanical parts of the process are already in place, workability would entail only a reallocation of resources, rather than a total reorganization of the program. This is for the most part an unresearched opinion, due to the time constraints placed on us by the final reading date. In talking with counsel at the Department of Welfare who have had practical experience in the administration of child support, this view of minimal change was affirmed. The only changes that could conceivably cause problems would be those that allow the County Attorney to appoint an attorney from outside his or her office to process child support cases, a tailoring of Neb.Rev.Stat. § 43-512. Again, it was stressed that such changes would not be major or cause problems other than those of administrative reallocation.
We do not foresee problems with due process or notice issues that were raised in Opinions 82 and 89. LB 371, as amended, provides a framework of procedure that fulfills basic constitutional requirements and is for that reason constitutionally sound.
Very truly yours, PAUL L. DOUGLAS Attorney General Royce N. Harper Assistant Attorney General